28 P.3d 372

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert KEAVENY, Defendant–Appellant.**

No. 25583.

Supreme Court of Idaho,
Boise, December 2000 Term.

June 25, 2001.

Wiebe & Fouser, Caldwell, for appellant. Thomas A. Sullivan argued.

Hon. Alan G. Lance, Attorney General, Boise, for respondent. Karen A. Hudelson argued.

SCHROEDER, Justice.

This is an appeal from the district court's order denying appellant's, Robert Keaveny's (Keaveny), motion to dismiss the criminal charge of felony domestic violence on the grounds that the statute is unconstitutionally vague.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

On November 20, 1998, Keaveny and his live in girlfriend went to a bar where she became intoxicated. Keaveny took his girlfriend to their home, where a struggle ensued. When police officers arrived they found Keaveny's girlfriend had suffered a split lip, bloody nose, cut cheek, and a broken rib. Keaveny referred to his girlfriend as his "wife" and told the officers that she had fallen while he was taking her inside. Keaveny was arrested for domestic battery.

Keaveny was charged with felony domestic violence pursuant to Idaho Code § 18–918(3) (1998) (amended 2000). He moved to dismiss the charge arguing the statute was unconstitutionally vague because the term "traumatic injury" was not sufficiently defined. The district court denied the motion, determining the statute was not vague and the term "traumatic injury" was sufficiently defined. Following a jury trial, Keaveny was convicted of felony domestic violence. The district court sentenced Keaveny to a unified five year sentence with two years fixed, but suspended execution of that sentence, and placed Keaveny on probation. Keaveny requests this court to reverse the judgment and conviction on the grounds that the felony domestic violence statute is unconstitutionally vague and the jury instructions unconstitutionally shifted the burden of proof to him.

## II.

## THE FELONY DOMESTIC VIOLENCE STATUTE, IDAHO CODE § 18–918(3), IS NOT UNCONSTITUTIONAL.

In his first issue raised on appeal, Keaveny alleges the district court erred by denying his motion to dismiss because the felony domestic violence statute is unconstitutionally vague. This Court recently decided this issue in *State v. Hellickson*, 24 P.3d 59 (Idaho

2001) and *State v. Larsen,* 24 P.3d 702 (Idaho 2001). Since the reasoning in those cases continues to be the proper analysis, the district court's ruling in this case is affirmed.

## III.

### THE JURY INSTRUCTIONS DID NOT UNCONSTITUTIONALLY SHIFT THE BURDEN OF PROOF TO KEAVENY.

■ Keaveny argues the jury instructions unconstitutionally shifted the burden of proof by requiring him to disprove the existence of a traumatic injury in order to avoid a felony conviction. Keaveny failed to object to the jury instructions at trial. "However, a failure to object to a jury instruction at trial does not constitute a waiver of any objection on appeal." *State v. Roy,* 127 Idaho 228, 231, 899 P.2d 441, 444 (1995) (citing *State v. Smith,* 117 Idaho 225, 229, 786 P.2d 1127, 1131 (1990)); *see also State v. Blake,* 133 Idaho 237, 239, 985 P.2d 117, 120 (1999).

■ Whether the trial court properly instructed the jury presents a question of law over which this Court exercises free review. This Court reviews challenges to jury instructions on appeal by reviewing the instructions to determine whether the instructions, taken as a whole, fairly and accurately present the issues and state the applicable law. *See Richard J. and Esther E. Wooley Trust v. DeBest Plumbing, Inc.,* 133 Idaho 180, 983 P.2d 834 (1999) (citations omitted); *see also State v. Blake,* 133 Idaho at 239, 985 P.2d at 120 (citing *State v. Row,* 131 Idaho 303, 310, 955 P.2d 1082, 1089 (1998)). When an instruction shifts the state's burden of proving an essential element of the crime by mandating a presumption, which the defendant must rebut, it violates due process and deprives the defendant of a fair trial. *See State v. Randles,* 115 Idaho 611, 617, 768 P.2d 1344, 1350 (Ct.App.1989) (substitute opinion) (citing *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979)).

■ In order to convict Keaveny of felony domestic violence, the jury instruction given in this case required the state to prove that:

1) On or about November 20, 1998,

2) in the state of Idaho,

3) the defendant, Robert F. Keaveny,

4) willfully inflicted a traumatic injury to [his girlfriend],

5) a household member.

If any of the above has not been proven beyond a reasonable doubt, then you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, you must find the defendant guilty.

Keaveny asserts the jury was unable to distinguish a felony from a misdemeanor because of the statute's broad definition of "traumatic injury." This confusion, Keaveny claims, forces defendants to prove the absence of a "traumatic injury" in order for the jury to reduce the conviction to a misdemeanor. Keaveny argues the lack of a distinction between a misdemeanor and a felony renders the statute unconstitutional.

The instruction in this case did not shift the burden to Keaveny to prove an element of the state's case. The statute sufficiently defines "traumatic injury" such that the burden was on the state to prove the elements of the crime and the jury was able to distinguish between a felony and a misdemeanor. Therefore, the jury instruction did not unconstitutionally shift the burden to Keaveny to prove an essential element of the state's case against him.

## IV.

### CONCLUSION

The domestic violence statute's definition of "traumatic injury" is sufficiently defined and, thus, not unconstitutionally vague. The jury instructions did not unconstitutionally shift the burden of proving an essential element of the statute from the state to Keaveny.

Chief Justice TROUT, Justices WALTERS and KIDWELL, and Justice Pro Tem BURDICK concur.