36 P.3d 836

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jerome N. HARRIS, Defendant–Appellant.**

No. 25308.

Court of Appeals of Idaho.

Nov. 21, 2001.

Molly J. Huskey, Acting State Appellate Public Defender; Richard J. Hansen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Jerome N. Harris appeals from the judgments of conviction entered after a jury found him guilty of trafficking in a controlled substance and delivery of a controlled substance. We affirm.

Harris was charged with one count of trafficking in methamphetamine, I.C. § 37–2732B(a)(3)(A), and one count of delivery of methamphetamine, I.C. § 37–2732(a)(1)(A). At the conclusion of Harris's trial, the district court instructed the jury on reasonable doubt. Rather than giving the standard reasonable doubt instruction approved by the Idaho Supreme Court—Idaho Criminal Jury Instruction 103—the district court gave an alternative reasonable doubt instruction—Idaho Criminal Jury Instruction 103A.[1] The jury returned guilty verdicts on both counts. The district court entered judgments of conviction and Harris was sentenced to concurrent unified terms of five years, with minimum periods of confinement of three years. Harris appeals, claiming that the district court erred by giving an incorrect jury instruction on reasonable doubt.

The question whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Zichko,* 129 Idaho 259, 264, 923 P.2d 966, 971 (1996). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman,* 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct.App. 1993). Idaho Criminal Jury Instruction 103 sets forth the California jury instruction previously adopted by the Idaho Supreme Court as the appropriate instruction on reasonable doubt. *State v. Gleason,* 130 Idaho 586, 589, 944 P.2d 721, 724 (Ct.App.1997). However, Idaho Criminal Jury Instruction 103A is an alternative, proposed by the committee that developed the pattern criminal jury instructions. *Id.* The Idaho Criminal Jury Instructions were presented for approval to the Idaho Supreme Court. Our review on appeal is whether the instruction that was given to the jury misstated the law or was so confusing and argumentative as to mislead the jury. *Id.* The Constitution does not dictate that any particular form of words be used in advising the jury of the state's burden of proof so long as, taken as a whole, the instructions correctly convey the concept of reasonable doubt. *Id.*

Here, the district court's instruction to the jury read as follows:

Under our law and system of justice, the defendant is presumed to be innocent. The presumption of innocence means two things.

First, the state has the burden of proving the defendant guilty. The state has that burden throughout the trial. A defendant is never required to prove his or her innocence, nor does the defendant ever have to produce any evidence at all.

Second, the state must prove the alleged crime beyond a reasonable doubt. A reasonable doubt is not a mere possible or imaginary doubt. It is a doubt based on reason and common sense. It is the kind of doubt which would make an ordinary person hesitant to act in the most important affairs of his or her own life. If after considering all the evidence you have a reasonable doubt about the defendant's guilt, you must find the defendant not guilty.

Harris claims that the district court erred because it gave a jury instruction other than Instruction 103. Although the Idaho Supreme Court has admonished trial courts to give jury instructions that have previously been approved by the Court, the Court has not required that reasonable doubt instructions exactly quote Instruction 103 in order to survive a challenge on appeal. *See State v. Merwin,* 131 Idaho 642, 647, 962 P.2d 1026, 1031 (1998). Therefore, the district court's failure to give Instruction 103 does not, by itself, constitute error requiring reversal of Harris's judgments of conviction.

Harris next claims that the instruction given in his case was erroneous because it elimi-

1. Instruction 103A has not yet been adopted through case law by the Idaho Supreme Court.

nated the language from Instruction 103 defining reasonable doubt as "that condition that [the jury] cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge" and replaced it with language defining reasonable doubt as "the kind of doubt which would make an ordinary person hesitant to act in the most important affairs of his or her own life." According to Harris, Instruction 103A lowered the reasonable doubt standard required to find him guilty.

The United States Supreme Court has approved language in a jury instruction defining reasonable doubt as that which would cause a reasonable person to hesitate to act. *See Victor v. Nebraska*, 511 U.S. 1, 20, 114 S.Ct. 1239, 1250, 127 L.Ed.2d 583, 599 (1994). There, the Court stated that the "hesitate to act" standard gave a common sense benchmark for just how substantial reasonable doubt must be and that that formulation had been repeatedly approved. *Id.* at 20–21, 114 S.Ct. at 1250–51, 127 L.Ed.2d at 599–600. Also, the Idaho Supreme Court has approved a reasonable doubt instruction defining reasonable doubt as a doubt which would cause members of the jury to hesitate in the "important affairs of life." *See State v. Taylor*, 76 Idaho 358, 362, 283 P.2d 582, 585 (1955). In addition, this Court recently held that a proper jury instruction is not required to equate reasonable doubt with moral certainty because the phrase "moral certainty" has lost its historical meaning and might not be recognized by modern jurors as a synonym for proof beyond a reasonable doubt. *State v. Stricklin*, 136 Idaho 264, 268, 32 P.3d 158, 162 (Ct.App.2001). Having reviewed the instruction at issue here with these principles in mind, we conclude that the instruction given accurately sets forth the state's burden of proof.

Furthermore, the forward to the Idaho Criminal Jury Instructions states that when the revised edition of the instructions was submitted to the Idaho Supreme Court, the Court reviewed the proposed instructions and stated:

Whenever the latest edition of the Idaho Criminal Jury Instructions (ICJI) contains an instruction applicable to a case and the trial judge determines that the jury should be instructed on the subject, it is recommended that the judge use the ICJI instruction, unless the judge finds that a different instruction would more adequately, accurately or clearly state the law.

Therefore, Instruction 103A has been approved for inclusion in the Idaho Criminal Jury Instructions by the Supreme Court. Thus, we conclude that it is not reversible error for district judges to give Instruction 103A as set forth in the Idaho Criminal Jury Instructions.

■ Finally, Harris claims that the instruction was erroneous because it failed to advise the jury that the jury must consider all the jury instructions in determining whether Harris was guilty beyond a reasonable doubt. Although the particular instruction at issue did not instruct the jury to consider all of the jury instructions in determining reasonable doubt, the district court gave the jury several additional instructions which advised the jury that it must consider all of the district court's instructions and all of the admissible evidence in reaching its verdict. Harris has shown no error with the district court's instructions when read as a whole.

We conclude that Harris has failed to show that the reasonable doubt instruction given by the district court misstated the law or was so confusing and argumentative as to mislead the jury. Harris's judgments of conviction are, therefore, affirmed.

Chief Judge SCHWARTZMAN and Judge LANSING, Concur.