118 P.3d 158

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Harry WILLIAMS, Defendant–Appellant.**

**No. 30981.**

Court of Appeals of Idaho.

June 3, 2005.

Review Denied Aug. 24, 2005.

---

It is not mere possible doubt, because everything relating to human affairs is open to some possible or imaginary doubt. It is the state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction of the truth of the charge.

Williams argues that this definition's use of the plural terms "the jurors" and "they" rather than the singular "the juror" and "he or she" was in error because it told jurors that the defendant's guilt should be determined based upon a collective determination as to the reasonableness of any doubt rather than a determination made individually by each juror. According to Williams, the jurors could have interpreted the instruction to mean that each juror must decide whether the jury as a whole has found reasonable doubt, rather than requiring that each juror arrive at his or her own independent conclusion as to whether the State has proved the charges beyond a reasonable doubt. This, he asserts, could have led a juror to assess the reasonableness of his or her doubt based solely upon whether the doubt was shared by other jurors.

 Whether the jury has been properly instructed presents a question of law over which this Court exercises free review. *State v. Merwin*, 131 Idaho 642, 647, 962 P.2d 1026, 1031 (1998); *State v. Harris*, 136 Idaho 484, 485, 36 P.3d 836, 837 (Ct.App.2001). This requires that we determine whether the instructions, taken as a whole, fairly and accurately state the applicable law. *State v. Keaveny*, 136 Idaho 31, 33, 28 P.3d 372, 374 (2001); *Harris*, 136 Idaho at 485, 36 P.3d at 837. Reversible error will be found if the court uses an instruction that misstates the law or misleads the jury. *State v. Dudley*, 137 Idaho 888, 890, 55 P.3d 881, 883 (Ct.App. 2002); *State v. Colwell*, 124 Idaho 560, 564, 861 P.2d 1225, 1229 (Ct.App.1993).

The instruction in question was based, almost entirely,[1] on Idaho Criminal Jury Instruction (ICJI) 103, which was approved by

Nevin, Benjamin McKay, LLP, Boise, for appellant. Dennis A. Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General; Carol L. Chaffee, Deputy Attorney General, Boise, for respondent. Carol L. Chaffee argued.

LANSING, Judge.

 Harry Williams appeals from the judgment of conviction entered after a jury found him guilty of two counts of possession of methamphetamine, Idaho Code § 37–2732(c)(1). Williams contends that the court committed reversible error by using in the jury instructions a definition of reasonable doubt that was misleading.

The trial court defined reasonable doubt in the jury instructions as follows:

1. The court's instruction omitted the phrases "depending on moral evidence" and "to a moral certainty" which are included in ICJI 103.

the Idaho Supreme Court for use in Idaho criminal trials. In addition, this Court approved the use of an identical instruction in *State v. Stricklin,* 136 Idaho 264, 267–68, 32 P.3d 158, 161–62 (Ct.App.2001). The challenge to the instruction that was presented in *Stricklin* differs, however, from Williams' argument, which has not previously been addressed.

We do not interpret the challenged instruction as Williams does. In our view, it does not convey that jurors should subordinate their own views of the sufficiency of the evidence to the collective evaluation of the other jurors.

Even if such a misinterpretation could arise, however, another instruction given to the jury would have corrected any such misperception. That additional instruction told the jury:

> During your deliberations, you each have a right to re-examine your own views and change your opinion. You should only do so if you are convinced by fair and honest discussion that your original opinion was incorrect based upon the evidence the jury saw and heard during the trial and the law as given you in these instructions.

> Consult with one another. Consider each other's views, and deliberate with the objective of reaching an agreement, if you can do so without disturbing your individual judgment. Each of you must decide this case for yourself; but you should do so only after a discussion and consideration of the case with your fellow jurors.

> However, none of you should surrender your honest opinion as to the weight or effect of evidence or as to the innocence or guilty of the defendant because the majority of the jury feels otherwise or for the purpose of returning a unanimous verdict.

As noted above, our inquiry on appeal is whether the jury instructions, as a whole, fairly and accurately state the applicable law. *Keaveny,* 136 Idaho at 33, 28 P.3d at 374. The two instructions together made it clear that the jurors were to make their findings as to guilt individually, not based on a collective view, and were to change their opinions only when clearly convinced that the evidence supports the change of stance. The trial court's instructions to the jury were a correct and acceptable statement of the law and were not misleading to the jurors.

Accordingly, the judgment of conviction is affirmed.

Chief Judge PERRY and Judge Pro Tem WALTERS concur.