**Clark DeWITT, Plaintiff–Appellee,**

v.

**TARA WOODS LIMITED PARTNER-SHIP, a Minnesota limited partnership, Defendant–Appellant.**

**No. 06CA2006.**

Colorado Court of Appeals,
Div. II.

Oct. 16, 2008.

Rehearing Denied Jan. 22, 2009.

Certiorari Denied Aug. 17, 2009.

Wilcox & Ogden, P.C., Ralph Ogden, Denver, Colorado, for Plaintiff–Appellee.

Overturf, McGath, Hull & Doherty, P.C., Richard Rediger, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge FURMAN.

In this case arising under the Premises Liability Act, § 13–21–115, C.R.S.2008 (the Act), defendant, Tara Woods Limited Partnership (Woods), appeals the judgment entered on a jury verdict in favor of plaintiff, Clark DeWitt, who was injured when he slipped and fell on ice. We reverse and remand for further proceedings.

## I. Background

On December 1, 2001, at an apartment complex owned by Woods, DeWitt slipped and fell on a patch of ice at the base of a stairwell. DeWitt was walking down the stairs carrying cleaning supplies. He injured his neck, back, and right knee.

In his complaint against Woods, DeWitt sought economic and noneconomic damages under the Act.

At a jury trial, Woods maintained, based on the pre–2006 version of the Act which is applicable to DeWitt's claim, that it was entitled to raise the affirmative statutory defense of comparative negligence.

Relying on *Vigil v. Franklin,* 103 P.3d 322 (Colo.2004), the trial court ruled that Woods could not raise that defense, finding defenses not specified in the Act were not available to landowners. The jury returned a verdict in DeWitt's favor, awarding both economic and noneconomic damages.

After the trial, a division of this court decided *Martin v. Union Pacific R.R. Co.,* 186 P.3d 61 (Colo.App.2007) (*cert. granted* June 30, 2008), which held that the affirmative defense of comparative negligence cannot be asserted in response to a claim that arose under the Act before it was amended in 2006.

On appeal, Woods challenges the jury verdict.

## II. The Pre–2006 Version of the Act

■ "Interpretation of a statute is a question of law that we review de novo." *Spahmer v. Gullette,* 113 P.3d 158, 161 (Colo. 2005). We strive to give effect to the intent of the legislature and adopt the statutory construction that best effectuates the purposes of the legislative scheme, looking first to the plain language of the statute. *Id.* at 162. "Where the statutory language is clear and unambiguous, we do not resort to any further rules of statutory construction." *Id.*

The relevant portions of the pre–2006 version of the Act provided:

(2) In any civil action brought against a landowner by a person who alleges injury occurring while on the real property of another and by reason of the condition of such property, or activities conducted or circumstances existing on such property, the landowner shall be liable only as provided in subsection (3) of this section. This subsection (2) shall not be construed to abrogate the doctrine of attractive nuisance as applied to persons under fourteen years of age. A person who is at least fourteen years of age but is less than eighteen years of age shall be presumed competent for purposes of the application of this section.

(3)(a) A trespasser may recover only for damages willfully or deliberately caused by the landowner.

(b) A licensee may recover only for damages caused:

(I) By the landowner's unreasonable failure to exercise reasonable care with respect to dangers created by the landowner of which the landowner actually knew; or

(II) By the landowner's unreasonable failure to warn of dangers not created by the landowner which are not ordinarily present on property of the type involved and of which the landowner actually knew.

(c)(I) Except as otherwise provided in subparagraph (II) of this paragraph (c) [concerning agricultural and vacant land], an invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which he actually knew or should have known.

Ch. 107, sec. 1, § 13–21–115(3)(a)–(c), 1990 Colo. Sess. Laws 868; Ch. 109, sec. 1, § 13–21–115(2), 1986 Colo. Sess. Laws 683.

By the time of the trial, the Act had been amended to include, inter alia, the following provision: "Section[ ] 13–21–111 [the comparative negligence statute] ... shall apply to an action to which this section applies." § 13–21–115(2), C.R.S.2008 (amendment effective Apr. 5, 2006). The parties do not argue that this amendment applied retroactively.

We now turn to the case law analyzing the Act.

### A. *Vigil v. Franklin*

Woods contends the trial court erred in relying on *Vigil* to preclude it from asserting comparative negligence as an affirmative defense. We agree.

In *Vigil,* the supreme court addressed the question whether common law defenses, such as open and obvious danger, are still applicable to landowner duties. Vigil worked as a laborer on the Franklins' property. After working on the property one afternoon, Vigil asked which of the other laborers was going to jump into a swimming pool. He decided to jump himself. His head hit the bottom of the pool, fracturing his sixth and seventh vertebrae. Vigil sued on the basis of the Act. The Franklins asserted a common law defense, arguing they owed no duty to Vigil because diving into the pool was an open and obvious danger. The supreme court disagreed, concluding the Act abrogated common law tort defenses to landowner duties, including the open and obvious danger defense. *See Vigil,* 103 P.3d at 330. However, *Vigil's* narrow holding did not address the effect of statutory defenses or defenses unrelated to duties of the landowner, such as the defense of comparative negligence.

The defense of comparative negligence is a creature of statute. *Heafer v. Denver–Boulder Bus Co.,* 176 Colo. 157, 159, 489 P.2d 315, 316 (1971). The legislature abrogated the traditional contributory negligence doctrine and instituted a statutory scheme whereby a plaintiff in a negligence action may recover so long as his or her negligence was less than that of the defendant. *Gordon v. Benson,* 925 P.2d 775, 777 (Colo.1996).

Section 13–21–111, C.R.S.2008, provides in pertinent part:

(1) Contributory negligence shall not bar recovery in any action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person for whose injury, damage, or death recovery is made.

The Act and the comparative negligence statute are part of the legislature's comprehensive treatment of damages in article 21 of title 13. Thus, we endeavor to give a consistent and harmonious effect to the statutory scheme as a whole, and reconcile statutes governing the same subject. *See Simpson v. Bijou Irrigation Co.,* 69 P.3d 50, 59 (Colo. 2003); *Bynum v. Kautzky,* 784 P.2d 735, 738 (Colo.1989).

Although under *Vigil* the Act bars common law defenses to stated duties, nothing in the plain language of the Act makes statutory defenses, such as comparative negligence, unavailable. *See, e.g., Pedge v. RM Holdings, Inc.,* 75 P.3d 1126 (Colo.App.2002) (applying pro rata apportionment statute to premises liability case). Therefore, we conclude a harmonious reading of the statutes gives effect to both the Act and the statutory defense of comparative negligence.

Accordingly, we conclude the trial court erred in relying on *Vigil* to preclude Woods from asserting comparative negligence as an affirmative defense.

### B. *Martin v. Union Pacific R.R. Co.*

Nonetheless, DeWitt argues that the division in *Martin* held that the affirmative defense of comparative negligence does not apply to claims under the Act. *Martin* was a 2–1 decision. We disagree with the majority in *Martin* and, therefore, disagree with DeWitt.

Martin sought damages for injuries she suffered when a Union Pacific train struck her stalled vehicle at a gated crossing. Martin's boyfriend, who was behind her car in a truck, saw a train approaching and attempted to push her car by ramming into the back of it. The train struck Martin's car, causing her serious injuries. Union Pacific sought the statutory defense of comparative negligence. The division held that comparative negligence was not available as a statutory defense under the pre–2006 version of the Act. *See Martin,* 186 P.3d at 67–68. On the basis that the pre–2006 version of the Act was silent, and thus ambiguous, as to whether a landowner liable under the Act could assert the affirmative defenses created by section 13–21–111, the division relied on the

2006 amendment, and followed the presumption that when a statute is amended, an intent to change is presumed. *See id.* at 67–68. In a dissent, former Chief Justice Rovira concluded that *Vigil* is controlling and the Act is unambiguous. *See id.* at 73. Therefore, there is no reason to consider the legislative intent expressed in the 2006 amendment.

We agree with the dissent in *Martin,* and disagree with the majority, because the majority did not address the stated intent of the Act, and determine whether that intent comports with the comparative negligence statute, before concluding the Act was ambiguous.

In *Vigil,* the supreme court concluded that "the express *unambiguous* language of the [Act] evidences the General Assembly's intent to establish a comprehensive and exclusive specification of the duties landowners owe to those injured on their property." *Vigil,* 103 P.3d at 323 (emphasis added). According to a 1990 amendment, that intent is (1) "to create a legal climate which will promote private property rights and commercial enterprise and will foster the availability and affordability of insurance"; and (2) "to protect landowners from liability in some circumstances when they were not protected at common law and to define the instances when liability will be imposed." § 13–21–115(1.5)(d) & (e), C.R.S.2008.

█ Precluding the statutory defense of comparative negligence would not advance the statutory intent of promoting private property rights and commercial enterprise and fostering the availability and affordability of insurance, because landowners would effectively be insuring plaintiffs' negligence. *See* § 13–21–115(1.5)(d). Landowners "could be held responsible for damages even for the injuries caused by the negligent acts of persons who come on their lands." *Martin,* 186 P.3d at 73–74 (Rovira, J., dissenting). Further, limiting the statutory protection provided to landowners would tend to increase liability rather than protect landowners from liability. *See* § 13–21–115(1.5)(e).

Moreover, the comparative negligence statute was enacted in 1971. *See* Ch. 125, sec. 1, § 41–2–14, 1971 Colo. Sess. Laws 496–97. The Act was originally enacted in 1986, *see* Ch. 109, sec. 1, § 13–21–115, 1986 Colo. Sess. Laws 683–84, and, as indicated above, section 13–21–115(1.5)(e) was added in 1990. This sequence of events establishes that:

- The General Assembly was aware of the statutory defense of comparative negligence when it adopted and amended the Act;
- The statutory defense of comparative negligence applies to "any action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property." § 13–21–111(1);
- The Act has never expressly excluded the statutory defense of comparative negligence from its coverage;
- The comparative negligence statute has never expressly excluded the Act from its coverage; and
- The 1990 addition of section 13–21–115(1.5)(e) made clear that the statutory defense of comparative negligence applied under the Act by stating that the Act's purpose was "to protect landowners from liability in some circumstances when they were not protected at common law."

Therefore, we conclude the Act is not ambiguous, and the stated intent comports with application of the comparative negligence statute. Accordingly, we further conclude the trial court erred in precluding Woods from asserting comparative negligence under the pre–2006 version of the Act.

In light of our holding, we need not address the legislative history of the Act, or the 2006 amendment. We also need not address the parties' remaining contentions.

The judgment is reversed and the case is remanded for further proceedings consistent with our opinion.

Judge TAUBMAN and Judge BERNARD concur.