**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44963**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Unpublished Opinion No. 375** |
| | ) | |
| **Plaintiff-Appellant,** | ) | **Filed: February 28, 2018** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **JAY RAY BRIGHT,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge. Hon. Timothy L. Van Valin, Magistrate.

Order of the district court, on intermediate appeal, vacating convictions and remanding case to magistrate court, <u>reversed</u> and <u>case remanded</u>.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for appellant.

Anne Taylor, Kootenai County Public Defender; Jay Logsdon, Deputy Public Defender, Coeur d'Alene, for respondent.

---

GRATTON, Chief Judge

The State appeals from the district court's decision on intermediate appeal reversing Jay Ray Bright's convictions for driving under the influence and possession of paraphernalia. We reverse and remand for further proceedings.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Bright with driving under the influence of alcohol, drugs, or any other intoxicating substances, second offense, Idaho Code §§ 18-8004(1)(a), 18-8005(4) and possession of drug paraphernalia, I.C. § 37-2734A. Bright pled not guilty and proceeded to trial.

In its pretrial opening remarks to the jury, the magistrate read Idaho Criminal Jury Instruction 103 (ICJI 103), an instruction about the State's burden to prove the alleged crimes beyond a reasonable doubt:

> Under our law and system of justice, the defendant is presumed to be innocent. The presumption of innocence means two things. First, the State has the burden of proving the defendant guilty. The State has that burden throughout the trial. The defendant is never required to prove his or her innocence, nor does the defendant ever have to produce any evidence at all.
> Second, the State must prove the alleged crime beyond a reasonable doubt. A reasonable doubt is not a mere possible or imaginary doubt. It is a doubt based on reason and common sense.

The court then interjected, "And, as I said yesterday, you didn't check your common sense at the door. Okay. You've all broke[n] up fights and arguments, you know how to do this." The court then finished reading ICJI 103:

> It may arise from a careful and impartial consideration of all the evidence, or from a lack of evidence. If after considering all the evidence you have a reasonable doubt about the defendant's guilt, you must find the defendant not guilty.

Bright's trial counsel did not contemporaneously object to either the jury instruction or the court's interjected comment.

Ultimately, the jury returned guilty verdicts on both counts. The magistrate entered judgment of conviction against Bright and sentenced him to 365 days in jail with 335 days suspended. Bright appealed his conviction to the district court.

On intermediate appeal to the district court, Bright argued that the magistrate had reduced the State's burden of proof by failing to properly instruct the jury on reasonable doubt. The district court agreed and concluded that the trial court had erred. The district court vacated the magistrate court's judgment and remanded for further proceedings. The State timely appeals.

## II.

## ANALYSIS

On appeal, the State asserts that the district court erred on intermediate appeal when it determined that the jury instructions reduced the State's burden of proof.

## A.     Standard of Review

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is

2

substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.*

## B.     Fundamental and Structural Error

As a preliminary matter, the parties disagree about whether the error Bright asserted on intermediate appeal should be reviewed by this Court under a fundamental error or structural error standard. The State argues the fundamental error standard applies because all unobjected-to error should be reviewed under the fundamental error standard, and here Bright failed to contemporaneously object to the jury instruction before the jury retired to consider its verdict.

According to Bright, however, either the trial court erred in giving the reasonable doubt instruction, in which case that error unquestionably qualifies as structural error which is always fundamental error and requires automatic reversal on appeal, or no error occurred.

Before determining whether an alleged constitutional error is harmless, fundamental, or structural, the Court necessarily conducts an initial inquiry to determine whether an error occurred at all. *See State v. Anderson*, 144 Idaho 743, 748, 170 P.3d 886, 891 (2007) ("[I]t first must be determined whether the [trial] court even committed an error."); *see also State v. Perry*, 150 Idaho 209, 227, 245 P.3d 961, 979 (2010). Here, the preliminary inquiry about whether the alleged error in the reasonable doubt instruction occurred at all is dispositive. Consequently, we need not address the parties' arguments regarding whether the fundamental error or structural error standard applies in this case.

## C.     Reasonable Doubt Instruction

The State argues that the district court erred when it determined that the jury instructions reduced the State's burden below a reasonable doubt because the jury instructions were not erroneous under any standard. On the contrary, Bright argues that the magistrate court's instruction reduced the State's burden to prove the charges beyond a reasonable doubt by equating the State's burden with settling an everyday quarrel or a neighborhood squabble.

3

The district court, on intermediate appeal, concluded that the trial court's handling of the reasonable doubt instruction suggested that the burden of proof in criminal cases is only one of common sense and is equivalent to the standard by which each juror settles conflict in their own lives. Thus, the district court held that the instruction violated Bright's due process rights. We disagree.

Whether a jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993). Our review on appeal is whether the instruction that was given to the jury misstated the law or was so confusing and argumentative as to mislead the jury. *State v. Harris*, 136 Idaho 484, 485, 36 P.3d 836, 837 (Ct. App. 2001). The Constitution does not dictate that any particular form of words be used in advising the jury of the State's burden of proof so long as, taken as a whole, the instructions correctly convey the concept of reasonable doubt. *Id.*

After reviewing the instructions as a whole, the reasonable doubt instruction given by the magistrate to the jury did not reduce the State's burden of proof, but rather correctly conveyed the concept of reasonable doubt to the jury.

The first two sentences of the court's comment are not objectionable. Immediately after reading the portion of ICJI 103 that defines reasonable doubt as "a doubt based on reason and *common sense*," the court interjected, "And, as I said yesterday, you didn't check your *common sense* at the door. Okay." (emphasis added). This spontaneous comment was merely a tangential aside by which the court reminded the jurors that they had not abandoned their common sense upon entering the courthouse. These statements are not objectionable.

Additionally, the final sentence of the magistrate's interjected comment did not reduce the State's burden to prove the charges beyond a reasonable doubt. It bears repeating that before the court's interjected commentary, the magistrate read the first two paragraphs of ICJI 103 to instruct the jury that: (1) Bright would never be required to prove his innocence or even to produce any evidence at all; (2) the State has the burden of proving Bright guilty; (3) the State must prove Bright guilty of the charged crimes beyond a reasonable doubt; and (4) that reasonable doubt is based on reason and common sense. Immediately after reading the phrase "common sense" from the approved instructions, the court remarked that the jurors had not

4

abandoned their common sense, and then stated, "You've all broke[n] up fights and arguments, you know how to do this." After making this comment, the court continued by instructing the jury that if they had a reasonable doubt about Bright's guilt after a careful and impartial consideration of all the evidence, or lack of evidence, then they must find him not guilty. Although the magistrate made this comment in the middle of reading ICJI 103, the statement, taken in this context, is simply an example of common sense, which did not equate the State's burden of proof to settling an everyday quarrel.

Furthermore, the reasonable doubt instruction given to the jury did not misstate the law nor was it so confusing and argumentative as to mislead the jury. The Idaho Criminal Jury Instructions are presumptively correct. *McKay v. State*, 148 Idaho 567, 571 n.2, 225 P.3d 700, 704 n.2 (2010); *State v. Rossignol*, 147 Idaho 818, 830-31, 215 P.3d 538, 550-51 (Ct. App. 2009). Bright did not rebut the presumption. The magistrate correctly used ICJI 103, the presumptively correct reasonable doubt instruction, to instruct the jury on three separate occasions. First, the magistrate read ICJI 103 to instruct the jury immediately after swearing in the prospective jury panel at voir dire. Second, the magistrate read ICJI 103 aloud in its opening instructions to the jury. Finally, at the conclusion of Bright's trial, the court gave a physical copy of the jury instructions to the jury for its deliberation, and both Jury Instruction No. 1 and Jury Instruction No. 4 included ICJI 103 verbatim.

Moreover, the Idaho Supreme Court has never required that reasonable doubt instructions exactly quote ICJI 103 in order to survive a challenge on appeal. *Harris*, 136 Idaho at 485, 36 P.3d at 837. Taken as a whole, including the remark, the reasonable doubt jury instructions fairly and accurately reflect the law. Accordingly, we conclude that the jury was properly instructed in regard to the State's burden to prove the charges against Bright beyond a reasonable doubt and thus no error has been shown.

Finally, in reaching our conclusion, we do not endorse the magistrate's decision to interject commentary while giving its reasonable doubt instruction. We take this opportunity to reiterate that deviations from the pattern ICJI "have created unnecessary controversies with nothing added by way of clarity." *State v. Sheahan*, 139 Idaho 267, 273-75, 77 P.3d 956, 962-64 (2003). Trial court judges are encouraged to use ICJI 103 verbatim to avoid unnecessary appeals and controversy by utilizing the instruction that has an accepted history defining the burden the State bears. *Sheahan*, 139 Idaho at 275, 77 P.3d at 964. Despite the ruling in this case, there

appears to be no reason to deviate from the standard instruction set forth in ICJI 103, which has been approved by the Supreme Court.

## III.

## CONCLUSION

The district court erred on intermediate appeal when it determined that the jury instructions reduced the State's burden of proof. Accordingly, we reverse the order of the district court vacating Bright's convictions and remanding the case to the magistrate; we remand this case for further proceedings.

Judge GUTIERREZ and Judge LORELLO **CONCUR**.