# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 34965

STATE OF IDAHO, )
)     Boise, August 2009 Term
    Plaintiff-Respondent, )
)     2009 Opinion No. 150
v. )
)     Filed: December 24, 2009
JEROME L. KORN, )
)     Stephen Kenyon, Clerk
    Defendant-Appellant. )

Appeal from the District Court of the Third Judicial District of the State of Idaho, Payette County. Hon. Renae J. Hoff, District Judge. Hon. William B. Dillon, Magistrate Judge.

The decision of the district court is affirmed.

Kelly Whiting, Fruitland, for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Jessica Lorello argued.

_____

HORTON, Justice

This case arises from Jerome L. Korn's conviction for misdemeanor offenses of possession of wild or exotic animals and possession of deleterious exotic animals without a permit. Before trial, Korn moved to dismiss the charge of possession of exotic animals contending that Payette County's (the County's) ordinance prohibiting the possession of exotic animals violated the contract clauses of the United States and Idaho constitutions. The magistrate judge denied the motion. At trial, the magistrate judge refused to admit uncertified copies of orders from Korn's bankruptcy case. Korn appeals the district court's decision affirming the denial of his motion to dismiss and the exclusion of the uncertified copies of the bankruptcy court orders. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2004, Korn lived in Nampa, Idaho, where he operated a zoo. In late 2004, he filed for bankruptcy protection. In March or April of 2005, the bankruptcy court ordered Korn to sell his

zoo property in Nampa. In late April of 2005, Korn looked at property in the County, and upon learning that exotic animals were not mentioned in the County's ordinances, entered into an agreement with his mother to buy the property. The property was to serve both as a residence for Korn and as a place to build a new facility to house Korn's zoo animals. Korn's mother put up $30,000 in order to commence construction on the new zoo building on May 5, 2005. A corporation known as Diversified Developmental Resources (DDR) agreed to purchase Korn's Nampa property in May or June of 2005, and in addition DDR committed $50,000 towards removing the animals from the zoo so that it could more quickly take possession of the Nampa property. DDR took over construction of the new facility in August, 2005, and eventually contributed approximately $600,000 towards the project.

On May 16, 2005, and again on May 23, 2005, the County passed an ordinance that prohibits the possession of certain exotic animals. The County published the ordinance, and it became effective on June 1, 2005.

On February 23, 2006, the Idaho Department of Agriculture denied Korn's application for a permit to possess deleterious exotic animals. On March 13, 2006, the County served Korn with a notice that he was in violation of its ordinance prohibiting possession of certain exotic animals and requested that he abate and remove his exotic animals from the new facility. On April 19, 2006, the State of Idaho (the State) filed a criminal complaint against Korn alleging in Count I that Korn possessed exotic animals in violation of the County's ordinance and in Count II that he was in violation of I.C. § 25-3905 and Idaho Administrative Code § 02.04.27.111 for possessing deleterious exotic animals without a permit. On June 12, 2006, Korn filed a motion to dismiss Count I of the complaint, alleging that the County's ordinance violated the contract clauses of the federal and state constitutions. The magistrate court denied Korn's motion on August 4, 2006.

During the jury trial, in an effort to prove the defense of necessity, Korn attempted to admit copies of two orders from the bankruptcy court. The State objected on the grounds that the copies were not certified, and the magistrate judge sustained the State's objections. The jury found Korn guilty of both charges. Korn appealed the magistrate court's denial of his motion to dismiss and its exclusion of the bankruptcy orders to the district court, and the district court affirmed. Korn timely appealed.

## II. STANDARD OF REVIEW

On review of a decision rendered by a district court sitting in its intermediate, appellate capacity, this Court has stated that

> the appropriate standard of review at the Supreme Court level [is]: The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008) (quoting *Nicholls v. Blaser*, 102 Idaho 559, 561, 633 P.2d 1137, 1139 (1981)).[1]

## III. ANALYSIS

We first consider whether the district court erred in affirming the magistrate court's denial of Korn's motion to dismiss. We then turn to whether the district court was correct to affirm the magistrate court's exclusion of the bankruptcy court orders.

**A. The district court did not err in affirming the magistrate judge's denial of Korn's motion to dismiss.**

Korn moved to dismiss the first count of the complaint against him, which alleged that he violated the County's ordinance prohibiting the possession of certain exotic animals. Korn argues that the County's passage of the ordinance substantially impaired contracts with his mother and with DDR regarding the construction of the facility in the County in violation of the contract clauses found in the Idaho and U.S. constitutions.

Both the magistrate and district courts assumed that contracts existed between Korn and his mother and Korn and DDR at the time the County passed the ordinance. There is, however,

---

[1] In his opening brief, Korn misstated the standard of review and therefore identified only the decisions of the magistrate court, rather than those of the district court, as issues on appeal. Under a strict reading of I.A.R. 35(a)(4), he thereby waived a claim that the district court erred. *State v. Prestwich*, 116 Idaho 959, 961, 783 P.2d 298, 300 (1989), *overruled on other grounds by State v. Guzman*, 122 Idaho 981, 842 P.2d 660 (1992). This presents a problem, because under our standard of review as set out in *Losser*, we are procedurally bound to affirm or reverse the decisions of the district court. However, because the State rephrased Korn's issues in terms of the district court's actions, providing authority and argument for each issue, and because Korn in turn adopted this rephrasing by the State in the list of issues in his reply brief, we may relax our reading of I.A.R. 35(a)(4) and address the district court's actions. *Prestwich*, 116 Idaho at 961, 783 P.2d at 300; s*ee also Everhart v. Washington County Rd. & Bridge Dep't*, 130 Idaho 273, 274-75, 939 P.2d 849, 850-51 (1997) (holding that failure to designate issues on appeal pursuant to I.A.R. 35(a)(4) is cause for denying an appeal as it is not the duty of the appellate court to review the record for errors; however, the rule may be relaxed if the briefing addresses an issue through authority or argument).

no substantial, competent evidence that Korn had a contract with either his mother or DDR at the time the ordinance took effect. Aside from Korn's testimony that his mother "put up $30,000," the following exchange is the only evidence relating to any form of agreement between Korn and his mother:

> A: . . . My mother stepped forward and said, "Look, I'll take care of it." And so she bought the property.
> Q: Okay. Did you have an agreement with your mom about what the property would be used for?
> A: The property was to be used for the—for me to live in and it was also to be used for the home for the animals.

This is not enough evidence to show that a contract ever existed. 17A Am. Jur. 2d Contracts § 19 (2d ed. 2009) (stating that the basic elements of a contract are subject matter, consideration, mutual assent by all the parties to all the terms, and an agreement that is expressed plainly and explicitly enough to show what the parties have agreed). Further, while it was not admitted into the record, it appears from the alleged bankruptcy order approving the sales agreement between Korn and DDR that their agreement was not executed until June 15, 2005, which was nearly two weeks after the ordinance became effective. There is nothing in the record to indicate that the contract was formed sooner. This is significant because "[t]he . . . contracts clause protects only those contractual obligations already in existence at the time the disputed law is enacted." *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 241 (1978).

The party challenging a statute or ordinance on constitutional grounds bears the burden of establishing that the statute or ordinance is unconstitutional and must overcome a strong presumption of validity. *State v. Reyes*, 146 Idaho 778, 203 P.3d 708 (Ct. App. 2009) (citing *State v. Korsen*, 138 Idaho 706, 711, 69 P.3d 126, 131 (2003)). In this case, Korn simply failed to meet his burden of establishing the existence of a contract or contracts that were affected by adoption of the ordinance. We therefore affirm, albeit for a different reason, the district court's decision affirming the magistrate court's denial of Korn's motion to dismiss.

**B. The district court did not err in affirming the magistrate court's decision to exclude the bankruptcy orders.**

Korn next argues that he was prejudiced in his attempt to present his defense of necessity when the magistrate court excluded two orders, purportedly from the court presiding over Korn's bankruptcy, which he alleges show that he was mandated by that court to move his animals to the County.

This Court reviews trial court decisions admitting or excluding evidence under an abuse of discretion standard. *Dachlet v. State*, 136 Idaho 752, 755, 40 P.3d 110, 113 (2002). Whether the trial court abused its discretion depends on 1) whether the court correctly perceived the issue as one of discretion; 2) whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and 3) whether the court reached its decision based upon an exercise of reason. *Dachlet*, 136 Idaho at 755-56, 40 P.3d at 113-14.

Korn attempted to admit into evidence copies of orders from the bankruptcy court approving and confirming the sale of his Nampa property to DDR and ordering the release of DDR funds held in trust for expenses incurred in moving Korn's animals from the Nampa property to the property in the County. When counsel for Korn moved to have the exhibits admitted, the State objected to both on the basis that they were not "certified authentic cop[ies] of the order[s]," and the magistrate court sustained the objections without elaboration. The phrasing of the State's objections raises issues under both Article IX and Article X of the Idaho Rules of Evidence.

Pursuant to Article IX of the Idaho Rules of Evidence, evidence must be authenticated before it may be admitted into evidence. Specifically, I.R.E. 901 states in relevant part that:

> **(a) General Provision.** The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

> **(b) Illustrations.** By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

> (1) **Testimony of Witness With Knowledge**. Testimony of a witness with knowledge that a matter is what it is claimed to be.

On re-direct examination, Korn's counsel handed him Defense Exhibit E, the purported order approving the sale of his Nampa property, and asked Korn whether he recognized the document and whether it dealt with the sale of the Nampa property and the removal of animals. Korn answered yes to both questions. Counsel for Korn then attempted to admit the alleged order, but the magistrate judge sustained the State's objection to its admission.

During cross-examination, the prosecutor asked Korn whether he could produce an order that expressly required him to move to the County. In response, counsel for Korn presented Defense Exhibit F, "the order releasing the funds." Korn and the prosecutor engaged in an

exchange about whether the order merely released funds for the purpose of moving the animals to the County or whether it mandated that Korn move the animals to the County. At one point Korn read aloud the portion of the order releasing funds that, in his view, required him to move to the County:

> Mike Spink is further ordered and directed to promptly and timely release any and all other DDR funds held in trust for him for expenses actually incurred or to be incurred in association with the construction of alternative habitats, transportation assisted [sic] with the removal of the animals from the Nampa property to the relocation of the Payette, Idaho property.

On re-direct examination, counsel for Korn asked Korn whether he recognized Defense Exhibit F as the purported order releasing funds that he had read aloud from and discussed with the prosecutor on cross-examination. Korn answered yes. At that point, counsel for Korn attempted to admit the exhibit, and the magistrate court denied its admission for the same reason it denied Exhibit E—it was not a certified, authentic copy.

Korn does not dispute that the magistrate court recognized that the decision whether to admit the exhibits was discretionary. Rather, Korn urges that he offered enough testimony to meet the standard for authenticity as provided by I.R.E. 901(b)(1) and that thus the exhibits should have been admitted. The district court held that although Korn provided foundation to authenticate Defense Exhibit E under I.R.E. 901, the exclusion of the exhibit was harmless error and that Korn did not provide enough testimony to authenticate Defense Exhibit F pursuant to the rule.[2] Because we conclude that there was no error in the exclusion of the proffered exhibits, we do not address the district court's conclusion that the exclusion of Exhibit E was harmless error.

Article X of the Idaho Rules of Evidence governs proof of the contents of writings. Idaho Rule of Evidence 1002 states in relevant part that in order "[t]o prove the content of a writing . . . the original writing . . . is required, except as otherwise provided in these rules . . . ."

---

[2] The district court concluded that Korn did not provide enough testimony to authenticate Defense Exhibit F because when it "was offered for admission [Korn] stated that, 'I saw so many of those, I honestly don't know which one it is you have.'" However, Korn made this statement on cross-examination and not in conjunction with his counsel's attempt to admit the exhibit. As stated above, when Korn's counsel attempted to admit the exhibit on re-direct, Korn stated unequivocally that he recognized it.

There is an exception to this requirement for public records.[3] That exception is set forth in I.R.E. 1005, which states in relevant part that:

> **(a) Proof of Public Record.** The contents of an official record . . . if otherwise admissible, may be proved by copy, certified as correct in accordance with Rule 902 . . . .

In other words, Korn was excused from I.R.E. 1002's requirement that he produce the original orders if his copies of those orders were certified in accordance with I.R.E. 902, which states in relevant part that

> [e]xtrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
>
> . . . .
>
> **(4) Certified Copies of Public Records**. A copy of an official record . . . certified as correct by the custodian or other person authorized to make the certification . . . .

Korn's counsel admitted that the copies of the alleged orders were not certified copies. Thus, the magistrate court acted within the bounds of its discretion, consistently with the relevant legal standards, and with reason when it excluded Korn's exhibits.

Korn attempts to avoid the requirements of Article X by arguing that he was not attempting to admit the exhibits in order to prove their contents and thus need not have complied with I.R.E. 1002 or the exception set out in I.R.E. 1005. Rather, he alleges that he only sought admission of the documents in order to show why he believed he was under a court order to act as he did. The first element of the common law defense of necessity, however, is "[a] specific threat of immediate harm." *State v. Hastings*, 118 Idaho 854, 855, 801 P.2d 563, 564 (1990). The lack of a specific threat of immediate harm precludes a defense of necessity. *State v. Howley*, 128 Idaho 874, 879, 920 P.2d 391, 396 (1996). In order to prevail on his claim of necessity, Korn needed to do more than show the effect the alleged orders had on his subjective belief; he needed to show that they constituted an unambiguous, identifiable threat of harm. *Cf. State v. Mills*, 117 Idaho 534, 537, 789 P.2d 530, 533 (Ct. App. 1990) (holding that, in the prison escape context, the necessity defense is governed by an objective, not subjective, standard).

The implicit premise of Korn's argument is that he was required to comply with the bankruptcy court orders in order to avoid the potential imposition of contempt sanctions. We

---

[3] Orders from a bankruptcy court are considered public records. Merlyn W. Clark, REPORT OF THE IDAHO STATE BAR EVIDENCE COMMITTEE, C 901 p. 9 (Supplemented 6/1/85) (stating that "Public records generally include . . . judicial records . . . .").

assume, only for the purposes of this appeal, that the threat of such sanctions would constitute "a specific threat of immediate harm." However, as a factual predicate for Korn's necessity defense, he was required to prove the existence of a court order or orders for which his disobedience may have been punished. In other words, Korn needed to prove the contents of the alleged orders to satisfy the first element of his necessity defense; thus, he needed to comply with the requirements of both Articles IX and X of the Idaho Rules of Evidence as a prerequisite to admissibility of Exhibits E and F.

Accordingly, we affirm the district court's decision, albeit for different reasons. We hold that the magistrate court did not abuse its discretion in excluding the exhibits because, while they may have been authenticated in compliance with Article IX of the Idaho Rules of Evidence, they were not certified in compliance with Article X.

## IV. CONCLUSION

We affirm the district court's decision affirming the magistrate court's denial of Korn's motion to dismiss and the magistrate court's exclusion of Korn's exhibits.

Chief Justice EISMANN and Justices BURDICK, J. JONES and W. JONES **CONCUR**.