**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50923**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      **Plaintiff-Respondent,**<br><br>v.<br><br>MASOUD GHOTBI,<br><br>      **Defendant-Appellant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Filed: July 31, 2024**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Roger B. Harris, District Judge. Hon. Benjamin Harmer, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming order withholding judgment for violation of a protection order, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

TRIBE, Judge

Masoud Ghotbi appeals from a decision of the district court, on intermediate appeal from the magistrate court, affirming an order withholding judgment for violation of a protection order. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Ghotbi and the complaining witness share a child together. A civil protection order was entered against Ghotbi naming the complaining witness as the protected party. Soon after, Ghotbi moved for a modification of the civil protection order. A modified civil protection order was entered to allow for communication via text and email for the care of their child and custody

1

exchanges.[1]  All custody exchanges were to occur at the police station.  The complaining witness alleged that, during one of these exchanges, Ghotbi engaged in direct verbal communication with her and discussed information outside the scope of that permitted in the modified civil protection order.  A jury found Ghotbi guilty of violating the civil protection order, and the magistrate court entered a withheld judgment.

Ghotbi filed an appeal, which was dismissed as being untimely.  He then filed a petition for post-conviction relief arguing that his trial counsel failed to appeal Ghotbi's withheld judgment as requested.  The magistrate court granted Ghotbi post-conviction relief by re-entering the withheld judgment so that he could then file a timely appeal.  He appealed to the district court, arguing that the magistrate court erred by upholding the enforceability of the civil protection order and that there was insufficient evidence for the jury to find him guilty at trial.  The district court affirmed.  Ghotbi again appeals.

## II.

### STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings.  *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009).  However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court.  *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014).  Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court's decision and the basis therefor, and either affirm or reverse the district court's decision.

Appellate review of the sufficiency of the evidence is limited in scope.  A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt.  *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099,

---

[1]    The magistrate court entered an "Order Modifying Terms of Civil Protection Order" then entered an order of modification of the original civil protection order.  The latter being a handwritten order and the former being drafted by the attorney for Ghotbi.  All relevant and substantive information in both orders are identical and therefore are referred to collectively as "modified civil protection orders" unless otherwise indicated.

2

1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## III.

## ANALYSIS

Ghotbi argues that the State failed to present sufficient evidence that he violated the civil protection order and that the modified civil protection order provided insufficient notice due to a purported ambiguity. The State argues that there was sufficient evidence presented that Ghotbi had direct verbal communication with the complaining witness and that such verbal communication was prohibited by the civil protection order. The State further argues that there was sufficient evidence that Ghotbi had notice of the terms of the original protection order and the unambiguous modified civil protection order. On intermediate appeal the district court held that the terms of the modified civil protection order were unambiguous, thereby providing sufficient notice of the terms, and that the State presented sufficient evidence for the jury to find Ghotbi violated the terms of the civil protection order.

First, we address Ghotbi's notice argument. This argument relies on his assertion that the language of the modified civil protection order was ambiguous and thereby failed to instruct Ghotbi that in-person verbal communication during custody exchanges would violate the order.[2] The basis of Ghotbi's argument is that the language allowing the parties to "communicate via text

---

[2] Ghotbi argues that ambiguity with the provision is enhanced for nonnative English speakers like himself. However, the record indicates that Ghotbi understands and speaks English well. Ghotbi testified that he speaks several languages including English. He testified that he speaks these languages for his job of twenty years. Also, Ghotbi's testimony does not include grammatical inaccuracies or solely simple phrases which might lead a jury to believe Ghotbi struggles with English grammar.

message or email only about the care of the Child or custody exchanges"[3] is ambiguous as the term "custody exchanges" could either be a second object of the preposition "via" or a second object of the preposition "about." Ghotbi asks this Court to acknowledge the possibility of reading the provision as "parties can communicate via . . . custody exchanges." In essence, Ghotbi asks us to hold that the civil protection order was ambiguous because it could have been understood to allow communication between him and the protected party "via text message or email only about the care of the child" and allow any communication during "custody exchanges." We decline to do so.

Ghotbi and the complaining witness each testified that Ghotbi was present when the original civil protection order and the modified civil protection order were entered. Ghotbi also signed the typed order. The district court concluded that the provision was express in its limitation of both the allowable manner (via text message or email) and subject of communication (only about the care of the child and custody exchanges) between the parties.[4] We agree with the district court that the terms of the civil protection order as modified were not ambiguous. Specifically, the word "only" served as a modifier for the list of subjects following the word. Therefore, the provision is unambiguously read as allowing the subjects of the text messages and emails to be "only about the care of the Child or custody exchanges." Because the modified civil protection order provided to Ghotbi was not ambiguous, he fails to show that he was not provided sufficient

---

[3]     The duplicative orders mentioned in footnote 1 mirror each other in all relevant substantive aspects. For example, the typed version reads, "The parties shall be allowed to communicate via text message or email only about the care of the Child or custody exchanges." Meanwhile, the handwritten version reads, "Parties can communicate via text or email about the care of the child and custody exchanges." The only differences are nonessential terminology that are not in opposition.

[4]     Ghotbi asks this Court to omit a portion of the provision. Ghotbi's proposal that the provision may be read as "parties can communicate via . . . custody exchanges," provides no explanation for the subject matter limitation. In other words, Ghotbi's argument would have this Court read the provision as permitting a limited subject matter when communicating over text and email but permitting unlimited subject matter when the parties are performing custody exchanges in person. Contrary to Ghotbi's assertion, it would be an unreasonable reading of the order to understand that the parties are unlimited in permissible communication topics so long as they are making a custody exchange in person but are much more restricted when communicating electronically.

notice that his in-person communication with the complaining witness at the police station was in violation of the civil protection order.

Next, we address Ghotbi's argument that the State did not present sufficient evidence to prove beyond a reasonable doubt that he violated the terms of the modified civil protection order. The State presented the original civil protection order to the jury, which read:

> [Ghotbi] shall not contact or attempt to contact the protected person(s) in any manner, including in person or through another person, or in writing or through any electronic means, including telephone, email, text, through social networking, or facsimile. [Ghotbi] shall not harass, stalk, threaten; use, attempt to use or threaten use of physical force; or engage in any other conduct that would place the protected person(s) in reasonable fear of bodily injury. However, [Ghotbi] may participate in legal proceedings involving the protected person(s) and may communicate through attorneys about legal issues involving the protected person(s).

Additionally, Ghotbi presented the modified civil protection order to the jury that created exceptions, which read:

> 1. The Civil Protection order entered on or about Friday, January 3, 2020 shall remain in full force and effect with the following changes:
> 2. The parties shall be allowed to communicate via text message or email only about the care of the Child or custody exchanges.
> 3. Custody exchanges shall take place at the Twin Falls City Police Station in the lobby and may be done by the parties or by designee of the Mother.

Therefore, the jury saw that the modified civil protection order gave full force and effect to the original civil protection order restricting all communication while also allowing communication via text message or email only about the care of the child or custody exchanges. The jury also listened to a recording in which Ghotbi can be heard verbally communicating with the complaining witness, and Ghotbi and the complaining witness each testified that Ghotbi verbally communicated with the complaining witness in person while the protection order was in effect.

The jury saw the original protection order, saw its modification restricting communication except through text and email, and heard testimony and evidence that Ghotbi verbally communicated with the complaining witness. All this evidence, taken together, undermines Ghotbi's assertion that the State did not present sufficient evidence for a competent jury to find beyond a reasonable doubt that he violated the civil protection order. Therefore, viewing the evidence in light most favorable to the prosecution, Ghotbi has failed to meet his burden to show that there was insufficient evidence that he had notice of the terms of the civil protection order and that he violated the terms of the civil protection order.

## IV.

## CONCLUSION

Ghotbi failed to meet his burden to show that the State presented insufficient evidence that he had notice of conduct that violated the civil protection order and that he violated the civil protection order. Therefore, the district court's decision affirming the magistrate court's order withholding judgment for violation of a protection order, is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.