**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51113 & 51144**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 5, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| SAMUEL ALLEN GOODSELL, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge. Hon. Regan C. Jameson, Magistrate.

Appeal from decision of the district court, on intermediate appeal from the magistrate court, affirming order withholding judgment for misdemeanor driving under the influence, dismissed; decision of the district court, on intermediate appeal from the magistrate court, affirming order withholding judgment for misdemeanor possession of a controlled substance, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge Pro Tem

In Docket No. 51113, Samuel Allen Goodsell appeals from a decision of the district court, on intermediate appeal from the magistrate court, affirming an order withholding judgment for misdemeanor driving under the influence (DUI). We dismiss this appeal.[1] In Docket No. 51144,

---

[1] Docket No. 51113 is an appeal from a case in which Goodsell was charged with driving under the influence. In the magistrate court, that case was consolidated with the possession of marijuana case which is the subject of Docket No. 51144 and the cases were tried together.

1

Goodsell appeals from a decision of the district court, on intermediate appeal from the magistrate court, affirming an order withholding judgment for misdemeanor possession of a controlled substance. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Goodsell was arrested for driving under the influence. After his arrest, officers conducted an inventory search of the vehicle he had been driving. The officers discovered a plastic cylinder, which one of the officers later testified "was marked to contain marijuana." The cylinder, which the officer recognized as having come from a marijuana dispensary in another state, contained a green leafy substance that the officer recognized as marijuana. A field test confirmed the presence of marijuana. Goodsell was cited for possession of marijuana. He pled not guilty to that charge as well as the DUI charge and the two cases were consolidated. At trial, the State called an expert witness who testified that she had tested the substance from the container and that it "contained marijuana or the resins thereof." The expert testified that THC (tetrahydrocannabinol) is the "active component of marijuana" and that the tests she performed on the substance did not indicate a percentage of THC--only its presence. The expert also testified that hemp, if it contained THC, would test positive.

At the close of evidence, Goodsell moved for judgment of acquittal for possession of marijuana pursuant to I.C.R. 29 and argued that the State was required to prove that the substance had a THC content above 0.3 percent and had failed to do so. The magistrate court took the motion under advisement, allowing Goodsell to again raise the issue should he be found guilty. The jury returned a guilty verdict. Goodsell filed a written I.C.R. 29 motion and argued that, because hemp and industrial hemp are excluded from the definition of marijuana in I.C. § 37-2701(u), the State was required to prove that the substance was not hemp, i.e., that its THC content was greater than 0.3 percent. The magistrate court denied Goodsell's motion for judgment of acquittal, finding that the statutory definition of marijuana does not require proof that the THC content was above 0.3 percent. Goodsell appealed to the district court, which affirmed. Goodsell again appeals.

---

Goodsell filed a notice of appeal in both cases. Goodsell's appellate brief only addresses the judgment of conviction for possession of marijuana. It appears, therefore, that the notice of appeal in Docket No. 51113 was filed in error and we dismiss that appeal.

2

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

Idaho Criminal Rule 29 provides that when a verdict of guilty is returned, the court, on motion of the defendant, shall order the entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offense. The test applied when reviewing the district court's ruling on a motion for judgment of acquittal is to determine whether the evidence was sufficient to sustain a conviction of the crime charged. *State v. Fields*, 127 Idaho 904, 912-13, 908 P.2d 1211, 1219-20 (1995). When reviewing the sufficiency of the evidence where a judgment of conviction has been entered upon a jury verdict, the evidence is sufficient to support the jury's guilty verdict if there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We do not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## III.

## ANALYSIS

"Mindful of the plain language of the relevant statutes, the evidence presented to the jury, and the standards courts must apply when considering" an I.C.R. 29 motion, Goodsell appeals and asserts that the district court erred in affirming the magistrate court's denial of his I.C.R. 29 motion. Goodsell asserts the State failed to present sufficient evidence to support a finding of guilt because the State failed to prove the substance he possessed was not hemp.

The magistrate court denied Goodsell's I.C.R. 29 motion based upon the plain language of Title 37, Chapter 27 of the Idaho Code. Idaho Code Section 37-2732(c) provides that "it is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized in this chapter." The statute further provides that possession of marijuana is a misdemeanor. Idaho Code Section 37-2701(u) defines marijuana as "all parts of the plant" of the genus *Cannabis*, "regardless of species, and whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin." Idaho Code Section 37-2701(u) further excludes hemp and industrial hemp from the definition of marijuana and states, in part:

> (1) Industrial hemp or hemp possessed, grown, transported, farmed, produced, processed, or possessed by any other entity engaged in hauling, transporting, delivering, or otherwise moving hemp in interstate or intrastate commerce pursuant to license granted under the provisions of the 2014 farm bill, the 2018 farm bill, 7 CFR 990.1 et seq., or the approved state plan for the state of Idaho. "Industrial hemp" or "hemp" means the plant species Cannabis sativa L. and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with measured total delta-9 tetrahydrocannabinol concentration of not more than three-tenths of one percent (0.3%) on dry weight or volume basis that shall determine the total delta-9 tetrahydrocannabinol (THC) concentration, including both delta-9 tetrahydrocannabinol and delta-9 tetrahydrocannabinolic acid (THCA) evaluated by decarboxylation during analysis, or by measuring each compound and calculating the total percentage of delta-9 tetrahydrocannabinol if the THCA was decarboxylated, which must not exceed three-tenths of one percent (0.3%).
> (2) The mature stalks of the plant genus Cannabis unless the same are intermixed with prohibited parts thereof, fiber produced from the stalks, oil or cake made from the seeds or the achene of such plant, any other compound, manufacture,

4

salt, derivative, mixture, or preparation of the mature stalks, except the resin extracted therefrom or where the same are intermixed with prohibited parts of such plant, fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination.

Evidence that any plant material or the resin or any derivative thereof, regardless of form, that does not meet the definition of "industrial hemp" or "hemp" as provided in this section, or that is possessed without license granted under the provisions of the 2014 farm bill, the 2018 farm bill, 7 CFR 990.1 et seq., or the approved state plan for the state of Idaho, contains any of the chemical substances classified as tetrahydrocannabinols shall create presumption that such material is "marijuana" as defined and prohibited herein.

In summary, the pertinent parts of the statute provide that hemp is a plant of the genus *Cannabis*. It is excluded from the definition of marijuana if it contains not more than .03 percent THC. Evidence that a substance does not meet the definition of hemp and that it contains any amount of THC creates a presumption that the substance is marijuana.

The statute does not require the State to prove that a tested substance is not hemp, i.e., contains greater than .03 percent THC. The burden to so prove was on Goodsell. Moreover, the evidence is sufficient to sustain the jury's verdict. The officers' testimony that the green, leafy substance was found in a container he recognized as having come from a marijuana dispensary; he recognized the substance was marijuana; the presumptive positive field test; and the expert's testimony that the substance tested positive for marijuana were sufficient to prove the substance Goodsell possessed was marijuana. Goodsell has shown no error in the magistrate court's decision denying his I.C.R. 29 motion. Therefore, we affirm the decision of the district court.

## IV.

## CONCLUSION

The appeal from the decision of the district court, on intermediate appeal from the magistrate court, affirming an order withholding judgment for misdemeanor driving under the influence in Docket No. 51113 is dismissed. In Docket No. 51144, Goodsell has failed to show that the magistrate court erred in denying his I.C.R. 29 motion for judgment of acquittal. Therefore, the decision of the district court, on intermediate appeal from the magistrate court, affirming an order withholding judgment for misdemeanor possession of a controlled substance is affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.

5