# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51370

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 19, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| RYAN RICHARD VANDYKE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Stevan H. Thompson, District Judge. Hon. Michelle Radford Mallard, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming judgment of conviction for use of a telephone to annoy, terrify, threaten, intimidate, harass or offend, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

TRIBE, Judge

Ryan Richard Vandyke[1] appeals from the decision of the district court, on intermediate appeal from the magistrate court, affirming his judgment of conviction for use of a telephone to annoy, terrify, threaten, intimidate, harass, or offend. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Officers responded to the residence of Vandyke's neighbor, M.C., after she called 911 to report that Vandyke used profanity toward her. While at the residence, M.C. and the officers

---

[1] The transcript, clerk's record, and other documents each spell the appellant's last name a variety of ways, including "Van Dyke" and "Vandyke." This Court will spell the Appellant's last name as "Vandyke" throughout this opinion.

observed Vandyke drive by while recording them on his phone. The officers went to Vandyke's residence and attempted to contact him. According to Vandyke, he called 911 in order to retrieve an incident number. Three 911 operators worked on the day of the incident, and all three answered multiple calls from Vandyke. The 911 operators advised Vandyke to retrieve the incident number from the officers that were at his residence, but Vandyke refused to open the door. The operators described Vandyke as vulgar and lewd during these repeated calls. Overall, Vandyke called 911 a total of twenty-two times that evening. Ultimately, the State charged Vandyke with use of a telephone to annoy, terrify, threaten, intimidate, harass, or offend. Idaho Code § 18-6710.

The matter proceeded to a jury trial and the jury found Vandyke guilty. Vandyke appealed to the district court, asserting, among other issues, that the jury's verdict was not supported by "competent evidence." On appeal, the district court affirmed Vandyke's judgment of conviction. Vandyke again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303,

2

304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

<h1 style="text-align:center">III.</h1>

<h2 style="text-align:center">ANALYSIS</h2>

Vandyke argues that the district court erred in affirming his judgment of conviction because the State failed to present sufficient evidence to support his conviction for use of a telephone to annoy, terrify, threaten, intimidate, harass, or offend.[2] The State argues that Vandyke's argument is without merit because the State proved all the elements of the charged crime beyond a reasonable doubt.

In order to prove a defendant is guilty of use of a telephone to annoy, terrify, threaten, intimidate, harass, or offend, the State must prove (beyond a reasonable doubt) that:

> [A defendant] with intent to annoy, terrify, threaten, intimidate, harass or offend, telephones another and (a) addresses to or about such person any obscene, lewd or profane language, or makes any request, suggestion or proposal which is obscene, lewd, lascivious or indecent; or (b) addresses to such other person any threat to inflict injury or physical harm to the person or property of the person addressed or any member of his family, or any other person; or (c) by repeated anonymous or identified telephone calls whether or not conversation ensues, disturbs the peace or attempts to disturb the peace, quiet, or right of privacy of any person at the place where the telephone call or calls are received.

I.C. § 18-6710 (1994).[3]

Idaho Code § 18-6710(2) provides that the use of obscene, lewd or profane language or the making of a threat or obscene proposal, or the making of repeated anonymous telephone calls may be prima facie evidence of intent to annoy, terrify, threaten, intimidate, harass, or

---

[2]    The district court, on intermediate appeal, held that Vandyke's sufficiency of the evidence argument was not preserved because it was "not raised before the trial court as it could have been with an [Idaho Criminal Rule] 29 Motion to Acquit." Vandyke argues that, although the district court ultimately addressed the merits of his sufficiency of the evidence claim, the district court erred in first holding the issue was not preserved. The State concedes the district court erred with respect to its preservation holding. We agree. It is well-established that a sufficiency of the evidence claim is properly raised for the first time on appeal and does not need to be preserved through an I.C.R. 29 motion. *See State v. Best*, ___ Idaho ___, ___, 571 P.3d 431, 435 (2025).

[3]    After Vandyke's trial, I.C. § 18-6710 was amended by the Idaho legislature. *See* 2024 Idaho Sess. Laws, ch. 253 at 892-93.

offend. However, even though a call may insult or offend, the statute requires the sole intent of the call be to annoy, terrify, threaten, intimidate, harass, or offend; a call with a "legitimate purpose" does not constitute a violation of the statute. *State v. Richards*, 127 Idaho 31, 36, 896 P.2d 357, 362 (Ct. App. 1995). As we have previously explained, calls are not criminalized if they have a "legitimate intent to communicate." *Id.*

Vandyke argues that the State failed to meet its burden of proving the intent element because he lacked the requisite intent for the conviction. Vandyke testified that he had no intention to annoy, terrify, threaten, intimidate, harass, or offend the 911 operators. Instead, Vandyke claims he contacted 911 to obtain an incident number. However, Vandyke admitted using obscene language in the calls. While Vandyke may have initially called to obtain the incident number, he continued calling despite the instructions from dispatch to speak with the officers at his door. When one 911 operator refused to provide the incident number, she testified that Vandyke's reaction was "very angry, vulgar, demeaning." The 911 operator also testified that she felt "a lot of anxiety, a lot of stress and worry" for herself and the officers at Vandyke's home. Another 911 operator testified that Vandyke was "aggressive and hostile and belligerent." The 911 operators warned Vandyke that he could be charged if he continued calling 911. Undeterred, Vandyke made twenty-two calls within 30-45 minutes using obscene and profane language throughout the calls. His repeated calls forced the operators to place other 911 calls on hold, which extended response times.

Although Vandyke testified that he called 911 with the intent to get an incident number, it was within the jury's purview to reject his explanation. There was sufficient evidence from which the jury could, instead, conclude Vandyke used a telephone to annoy, terrify, threaten, intimidate, harass, or offend and not for a legitimate purpose. The evidence supported that Vandyke had no legitimate purpose in the numerous calls made after being told that the officers at the door would give him the incident number and that he knew the operators would not give him the number. The jury could infer that Vandyke's intent was to annoy, terrify, threaten, intimidate, harass, or offend the operators with repeated calls and vulgar language because he was upset that they would not do what he wanted. Vandyke failed to show that the State presented insufficient evidence to support the jury's verdict. Therefore, the decision of the district court is affirmed.

## IV.
## CONCLUSION

Vandyke has failed to show that the State presented insufficient evidence to support his conviction for use of a telephone to annoy, terrify, threaten, intimidate, harass, or offend. Therefore, the district court's decision, on intermediate appeal from the magistrate court, affirming Vandyke's judgment of conviction is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.