# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51827

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) |
| Plaintiff-Respondent, | ) **Filed: December 22, 2025** |
| | ) |
| v. | ) **Melanie Gagnepain, Clerk** |
| | ) |
| ADAM DORAL GOFF, | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. John K. Butler, District Judge. Hon. Thomas D. Kershaw, Magistrate.

Memorandum decision of the district court, on intermediate appeal from the magistrate court, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Michael MacEgan, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Adam Doral Goff appeals from the district court's memorandum decision, on intermediate appeal, affirming the magistrate court's judgment of conviction for misdemeanor trespass. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Goff was charged with trespassing upon the Rock Creek Restaurant property, in violation of Idaho Code § 18-7008. The Rock Creek Restaurant property consists of two jointly owned lots upon which are the Rock Creek Restaurant, its parking lot, and a dirt lot that extends from the parking lot. The restaurant lot has an address of 200 Addison Avenue West; there is no listed address for the dirt lot behind the restaurant.

At trial, Officer Rivers testified that he contacted Goff at the Rock Creek Restaurant property on April 15, 2023, between the parking lot and the dirt lot. Goff had a tent and various belongs at that time. Officer Rivers told Goff the owner of the property wanted Goff off the

1

premises. Goff told Officer Rivers the owner had given Goff until April 19 to leave the property. When Officer Rivers returned at approximately 4:30 a.m. on April 20, Goff was still on the property and was arrested for trespassing.

Officer Rivers further testified that during a previous hearing held in a different case on August 14, Goff testified he believed he had to vacate the property by April 19 and when he was there on April 20, it was because he was "sneaking" back onto the property. Goff also testified at the August 14 hearing that he "knew for sure" he had to be off the Rock Creek Restaurant property no later than April 19. Another witness, the deputy prosecutor who participated in the August 14 hearing, also testified at trial and confirmed Goff's testimony during that previous hearing.

At the conclusion of the State's evidence, Goff moved for judgment of acquittal pursuant to Idaho Criminal Rule 29. The magistrate court denied the motion. Goff was convicted and appealed to the district court. Acting in its appellate capacity, the district court affirmed the magistrate court's judgment of conviction. Goff appeals.

## II.

## STANDARD OF REVIEW

On appeal of a decision rendered by the district court while acting in its intermediate appellate capacity, this Court directly reviews the district court's decision. *State v. Phipps*, 166 Idaho 1, 4, 454 P.3d 1084, 1087 (2019). For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.

## ANALYSIS

Goff claims the district court erred in affirming the magistrate court's order denying his I.C.R. 29 motion for judgment of acquittal. Goff argues that mindful of the sufficiency of the evidence standards and the evidence admitted at trial, the State failed to prove two elements of the

2

crime of misdemeanor trespass: (1) Goff had knowledge he was trespassed by an owner of the property or agent of the owner; and (2) Goff was standing in a place from which he had been previously trespassed. Goff argues there was no evidence presented that the owner told Goff he was trespassed from the property and that the dirt lot behind the restaurant constituted part of the property from which he was trespassed.

Idaho Criminal Rule 29(c) permits the court, on motion of the defendant, to enter a judgment of acquittal either after the State's case-in-chief or after a verdict of guilty is returned. In reviewing the denial of a motion for judgment of acquittal, the appellate court must independently consider the evidence in the record and determine whether a reasonable mind could conclude the defendant's guilt as to each material element of the offense was proven beyond a reasonable doubt. *State v. Gonzalez*, 134 Idaho 907, 909, 12 P.3d 382, 384 (Ct. App. 2000). We will not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991); *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

The magistrate court found, and the district court, on intermediate appeal, agreed the evidence presented at trial was sufficient to establish Goff's knowledge that he was trespassed from the Rock Creek Restaurant property. First, there were the statements Goff made to Officer Rivers. Second, during the August 14 hearing, Goff testified he knew he was not to be on the property and was "sneaking" back onto the property on April 20, despite knowing "for sure" he was not allowed on the property as of April 19. The district court found the only reasonable inference from Goff's use of the term "sneaking" is that Goff knew or should have known he was not permitted to be on the Rock Creek Restaurant property. Goff does not argue the district court erred in reaching this conclusion; consequently, we find no error with the district court's finding. As such, Goff's statements indicated that he knew he was not to be on the Rock Creek Restaurant property and thus, there was sufficient evidence for the magistrate court to conclude Goff knew he had been trespassed from the property.

Next, Goff argues there was insufficient evidence to establish he had been trespassed from the dirt lot behind the restaurant because there was no evidence of what property actually belonged

3

to the owner, as no deeds or parcel maps were introduced into evidence, and the property owner did not testify at trial. The magistrate court found, and the district court, on intermediate appeal, agreed, there was sufficient evidence in the record that Goff knew which property he had to vacate. First, law enforcement's initial encounter with Goff was at the dirt lot and Goff was told he needed to vacate that location by April 19. Second, the Rock Creek Restaurant property is all one unit consisting of two parcels upon which sit the restaurant, parking lot, and the dirt lot. Goff knew the owner of the entire property, including the dirt lot, told Goff he had to vacate the property by April 19. When Goff returned to the property on April 20, with the knowledge that he had been told to vacate that same property by April 19, Goff was in violation of I.C. § 18-7008(2)(a). That the officer identified the restaurant parcel, rather than the dirt lot parcel, as the trespass location is irrelevant, as they are one unit. The district court did not err in concluding the magistrate court could reasonably find the elements of I.C. § 18-7008 were met beyond a reasonable doubt.

## IV.

## CONCLUSION

The district court, acting in its appellate capacity, did not err in affirming the magistrate court's judgment of conviction finding Goff guilty of misdemeanor trespass. The memorandum decision of the district court, on intermediate appeal, affirming the magistrate court's judgment of conviction is affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.

4