**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52586**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 7, 2026 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JESUS OMAR DOZAL, JR., | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Matthew J. Roker, District Judge. Hon. Thomas A. Sullivan, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming judgment of conviction for resisting or obstructing a peace officer, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Neil Paterson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Jesus Omar Dozal, Jr., appeals from the decision of the district court, on intermediate appeal from the magistrate court, affirming his judgment of conviction for resisting or obstructing a peace officer. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer initiated a traffic stop after observing a nonfunctioning headlight on Dozal's vehicle. The officer requested Dozal's driver's license, vehicle registration, and proof of insurance. Initially, Dozal did not comply with the officer's requests and questioned the basis for

1

the stop. Dozal ultimately provided his driver's license and proof of insurance but was unable to locate his vehicle registration. While Dozal searched for the registration, the officer radioed dispatch and asked whether a canine unit officer was available to assist with the stop. Thereafter, the officer returned to Dozal's vehicle and asked if he had given up looking for the registration. Dozal indicated he had not given up and continued searching. The officer returned to his patrol vehicle and began preparing a citation for the nonfunctioning headlight. After confirming with Dozal that he had not located the registration, the officer again returned to his vehicle to add a second citation for failure to carry proof of registration. While the officer was completing the citations, a canine unit officer arrived at the scene with a drug dog and deployed the dog to perform a drug-detection sniff of the vehicle. Ultimately, the drug dog alerted to the presence of narcotics in Dozal's vehicle. The officer informed Dozal that the drug dog alerted and requested that Dozal exit the vehicle. Dozal refused. After multiple commands, officers removed Dozal from the vehicle and took him into custody. A subsequent search of the vehicle yielded no illegal substances.

The State charged Dozal with resisting or obstructing a peace officer. Dozal filed a motion to suppress, arguing the officer unlawfully extended the traffic stop by delaying the citation process to allow time for the canine unit officer to arrive and conduct the drug-detection sniff. The magistrate court denied the motion, finding the officer's testimony credible and concluding any delay was not caused by the request for a canine unit officer. Following a jury trial, Dozal was found guilty of resisting or obstructing a peace officer. I.C. § 18-705. Dozal appealed to the district court, arguing the magistrate court erred in denying his motion to suppress because the stop was unlawfully extended. The district court affirmed, and Dozal again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955,

2

958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.

## ANALYSIS

"Mindful of" *State v. Pylican*, 167 Idaho 745, 477 P.3d 180 (2020), Dozal argues the district court erred in affirming the magistrate court's denial of his motion to suppress because the traffic stop was unlawfully extended when the "officer delayed writing a citation to permit a drug dog to sniff the exterior of his vehicle." The State responds that the district court was correct in affirming the magistrate court because any delay in completing the traffic stop was caused by Dozal's own conduct. We hold that Dozal has failed to show the district court erred in affirming the magistrate court's denial of his motion to suppress.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). In the traffic stop context, authority for a seizure ends when the tasks related to the stop are, or reasonably should have been, completed. *Illinois v. Caballes*, 543 U.S. 405, 407 (2005). Tasks related to a traffic stop include addressing the traffic violation that precipitated the stop; determining whether to issue a traffic ticket; and making inquiries incident to the traffic stop, such as checking the driver's license, inspecting the vehicle's proof of insurance and registration, and conducting a criminal record check of the driver. *Rodriguez v. United States*, 575 U.S. 348, 354-55 (2015); *State v. Hale*, 168 Idaho 863, 867, 489 P.3d 450, 454 (2021). Officers may not deviate from the purpose of a traffic stop by investigating (or taking safety precautions incident to investigating) other crimes without reasonable suspicion. *See Rodriguez*, 575 U.S. at 356.

In this case, the magistrate court denied Dozal's motion to suppress after concluding that any delay in the traffic stop was caused by Dozal's "inability to provide legally required

3

documents." The magistrate court also found credible the officer's testimony that he "did not delay the business of the traffic stop to obtain the presence of" the drug dog. On intermediate appeal, the district court affirmed the denial of Dozal's motion, concluding the magistrate court's findings of fact and conclusions of law were supported by substantial and competent evidence. The district court also agreed with the magistrate court that any delay in completing the traffic stop was ultimately the consequence of Dozal's own conduct.

On appeal, Dozal argues the district court erred in affirming the magistrate court's denial of his motion to suppress. Specifically, Dozal contends the traffic stop "was unlawfully extended, in violation of" *State v. Karst*, 170 Idaho 219, 509 P.3d 1148 (2022), because "the officer delayed writing a citation in order to permit a drug dog to sniff the exterior of his vehicle." Dozal asserts as much, "mindful of the magistrate [court's] finding that the officer delayed writing the citation to permit time for [Dozal] to locate his registration." Neither the record nor the applicable law support Dozal's argument.

The officer testified that his intention was to start a citation for the headlight and then add a second infraction for failure to carry registration if Dozal's continued effort to locate the registration proved unsuccessful. When the officer asked if Dozal had given up looking for the registration, he stated he had not. In order to provide Dozal with more time to continue his search for the registration, the officer returned to his patrol vehicle and began the citation for the headlight violation while Dozal continued searching. We agree with the magistrate court's finding that Dozal was given this additional time as a courtesy to avoid a second citation. When Dozal ultimately failed to locate the registration, the officer again returned to his vehicle and began the second citation. As the officer was "adding the second infraction charge" and "printing out the citation," the drug dog performed the drug-detection sniff and ultimately alerted on Dozal's vehicle. The magistrate court therefore concluded that "neither the call for the canine, nor the sniff, caused any delay." Dozal does not challenge these findings of fact and conclusions of law on appeal, and we will not presume error.

Moreover, Dozal cannot claim the traffic stop was unconstitutionally prolonged when any delay was a consequence of his own conduct. *See Pylican*, 167 Idaho at 755, 477 P.3d at 190 (holding that a defendant cannot claim that a stop was unconstitutionally prolonged by the State when any delay was a consequence of the defendant's own conduct). The magistrate court found,

4

and the district court agreed, that any delay in completing the traffic stop was caused by Dozal's continued effort to locate his registration and by the officer's accommodation of that request. While the officer did request a canine unit during the traffic stop, the magistrate court credited the officer's testimony that this request did not cause any delay in completing the traffic stop. We agree with the magistrate court that the time the officer spent in his patrol vehicle was used to prepare the citations and that the canine unit officer and drug dog arrived while the officer was completing the citation. Dozal has failed to show the district court erred in affirming the magistrate court's denial of his motion to suppress.

## IV.

## CONCLUSION

Substantial and competent evidence supports the magistrate court's denial of Dozal's motion to suppress. Dozal has failed to show error in the district court's decision affirming the magistrate court's findings of fact and conclusions of law. Accordingly, the district court's decision, on intermediate appeal from the magistrate court, affirming Dozal's judgment of conviction for resisting or obstructing a peace officer is affirmed.

Judge HUSKEY and Judge Pro Tem MELANSON, **CONCUR**.